WARD, Judge.
We previously reviewed Relator’s application for writs and granted relief without giving respondent an opportunity to respond by filing briefs in opposition. In that disposition we made several assumptions, not fully articulated, but which supported our view that in this issue of coverage Hartford had clearly shown that an exclusion in their policy applied. On January 6,1992 the Supreme Court of Louisiana remanded this matter for briefing, argument, and rendition of an opinion giving reasons for disposition. 590 So.2d 581.
In the trial court Hartford moved for summary judgment based on facts not contested. Other peripheral facts may be contested but are not important for disposition of this writ. The trial court denied Hartford’s motion and Hartford applied for these writs. After full briefing and argument we grant Hartford’s application, reverse the trial court and render judgment in favor of Hartford, finding Hartford did not provide coverage in this case.
We base our decision on uncontested facts which show that on August 29, 1991 Jean Marie Cosse was injured in an automobile accident while she was a guest passenger in a car driven by her mother. The other vehicle was driven by Lawrence Rousselle. For the purpose of deciding if Hartford provided coverage, fault is not an issue.
Those facts which are critical indicate the Plaquemines Parish Council employed Lawrence Rousselle as a juvenile probation officer. The Council paid his salary. The Council furnished an automobile for his use as a probation officer. The Council procured fleet insurance from Commercial Union Insurance Company for Parish owned vehicles which covered the automobile the Council assigned to Rousselle. The Council assigned Rousselle as a juvenile probation officer to the Twenty Fifth Judicial District Court, to that division over which Judge Emile Martin presided.
Rousselle worked two weeks on and one week off, and considered himself on duty and employed 24 hours a day during the two week cycle he worked. From the time the Council assigned the automobile to Rousselle in 1984 to the time of the accident no one else used the vehicle.
Late in the evening of August 29, 1991 or in the early morning of the 30th, Rous-selle used the Plaquemines Parish Council’s automobile to drive to his son’s place of business to investigate a burglary there. This was not in furtherance of his work as a juvenile probation officer, it was only in furtherance of his personal interest in investigating the burglary.
While on the way to his son’s place of business the vehicle Rousselle was driving collided with the vehicle operated by Victoria Frierson. Jane Marie Cosse, Ms. Frier-son’s guest passenger was injured.
Hartford Insurance Company of the Midwest issued an automobile liability insurance policy insuring a vehicle owned by Lawrence Rousselle and his wife. ' That policy, however, did not list as an insured vehicle the Plaquemines Parish vehicle that Rousselle was driving.
Even though Hartford did not insure the vehicle involved in the accident the question is whether Hartford insured Lawrence Rousselle as an “occasional” user of another vehicle under the Hartford policy. The pertinent provisions of the Hartford policy say:
Insuring Agreement
We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. * * *
Exclusions
B. We do not provide Liability Coverage for the ownership, maintenance or use of:
# * * * # *
*86 2. Any vehicle, other than your covered auto, which is:
a. owned by you; or
b. furnished or available for your regular use.
Plaintiffs rely heavily upon this court’s decision, Nevels v. Hendrix, 367 So.2d 33 (La.App. 4th Cir.1978). In Nevels, this court stated:
The purpose of the insuring agreement ... as to vehicles not owned by the insured, is to provide coverage during the occasional or casual use of such vehicles, but to exclude coverage of the frequent, habitual or principal use of such vehicle which would substantially increase the risks of the insurer beyond those contemplated when the parties entered into the insurance contract. Id. at 35.
In interpreting the “coverage for occasional use clause” of an insurance contract, in Nevels this court also said that an exclusion from occasional use coverage of automobiles assigned to an employee for business purposes did not exclude from coverage an automobile used by the employee for purposes prohibited by the employer. Nevels interpreted a Maryland Casualty Company policy that insured “non owned” automobiles — an automobile not owned by or furnished for the regular use of the named insured.
This policy, written after Nevels, used different words: “furnished or available for your [the insured’s] regular use.” Hartford places great emphasis on the addition of the underlined words, claiming this distinguishes this case from Nevels because the car was available. We need not consider this argument because we believe other facts are more compelling.
In Nevels this court found that Maryland’s insured, John T. Hendrix, was using for his personal use an automobile owned by the United States Department of Housing and Urban Development but furnished to him only for business purposes and for driving to and from work. That department had issued regulations applicable nationwide prohibiting personal use of vehicles furnished employees for business purposes. This court held that Maryland’s policy providing occasional coverage was applicable, the “regular use” exclusion was not, and that Hendrix was covered as an occasional user because the exclusion “for regular use” is inapplicable because the vehicle was not “furnished for Hendrix’s regular use” for personal purposes.
The record in this case shows that the Plaquemines Parish Council provided Rous-selle a vehicle for his use 24 hours a day during the two weeks he was on duty. (Rousselle’s deposition.) Rousselle said he always used the vehicle for all purposes and kept the police radio on because he was required to be on call 24 hours for the two weeks he was on duty. This was never contradicted either by affidavit or deposition of the Plaquemines Parish Council— the owner of the vehicle and the employer of Rousselle and the only entity that could grant or deny permission to Rousselle to use the vehicle 24 hours a day. An affidavit of a non employer as to permission or the lack of it to use the vehicle is irrelevant.
These facts easily distinguish this situation from Nevels, supra. Moreover Nevels strained to reach a result that would provide insurance coverage. Unless Maryland was held to provide coverage, recovery was limited to Hendrix because the United States government was not vicariously liable in that situation. Therefore, even if Nevel could not be distinguished its application is suspect where as here there is an insurer of the vehicle, Commercial Union, who has been paid for insuring the vehicle involved in the accident, and where the application of Nevels will produce a bizarre and convoluted result in which the insurer of the vehicle, Commercial Union, may avoid liability by denying coverage because the driver, Rousselle, did not have permission to use the vehicle at the time of the accident.
For these reasons we find the uncontested relevant facts are that the Plaquemines Parish Council furnished Rousselle a vehicle for his unrestricted use, that Hartford’s exclusion of coverage for accidents while the insured drives a vehicle not insured by Hartford but assigned to him for *87 his “regular use” applies to the facts of this case. As a consequence, Hartford is entitled to summary judgment as a matter of law.
REVERSED AND RENDERED.